UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH GIBBS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KARLA PETERSON, et al.,<br><br>　　　　Defendants. | No.  2:15-cv-0061 KJM CKD P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1    The court is required to screen complaints brought by prisoners seeking relief against a
2  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).
3  The court has conducted the required screening with respect to plaintiff's complaint and finds that
4  it is too long.  The complaint does not contain a short and plain statement as required by Rule
5  8(a)(2) of the Federal Rules of Civil Procedures.  Furthermore, although the Federal Rules of
6  Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the
7  elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646,
8  649 (9th Cir. 1984).  Also, the complaint includes claims against different defendants which do
9  not arise out of the same transaction, occurrence or series of transactions or occurrences, in
10 violation of Rule 20 of the Federal Rules of Civil Procedure.

11   For these reasons, plaintiff's complaint will be dismissed.  However, plaintiff will be
12 given an opportunity to cure the deficiencies in his complaint.  If plaintiff elects to file an
13 amended complaint, it should be limited to 15 pages.

14   Generally speaking, if plaintiff chooses to amend the complaint, plaintiff must
15 demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's
16 constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint
17 must allege in specific terms how each named defendant is involved.  There can be no liability
18 under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's
19 actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633
20 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,
21 vague and conclusory allegations of official participation in civil rights violations are not
22 sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

23   In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
24 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
25 complaint be complete in itself without reference to any prior pleading.  This is because, as a
26 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
27 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
28 /////

longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 10) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of this order, Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 12, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
gibb0061.14