UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH GIBBS, | No.  2:15-cv-0061 KJM CKD P |
| Plaintiff, | |
| v. | ORDER |
| MACCOMBER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 31, 2015, the magistrate judge filed findings and recommendations, ECF No. 24, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  The court declines to adopt the findings and recommendations and refers the matter back to the magistrate judge for further proceedings.

This action was transferred to this court from the United States District Court for the Northern District California on January 9, 2015.  *See* ECF No. 13.  By order filed March 12,

1

2015, the magistrate judge dismissed plaintiff's original complaint with leave to amend. ECF No. 19. The court's reasons for dismissal were that the complaint was "too long," did not "contain a short and plain statement as required by Rule 8(a)(2)," and violated Federal Rule of Civil Procedure 20 by including "claims against different defendants which do not arise out of the same transaction, occurrence, or series of transactions or occurrences." ECF No. 19 at 2. The magistrate judge granted plaintiff an opportunity to "cure the deficiencies" in the complaint and directed him to limit any amended complaint to 15 pages. *Id.* In addition, the order informed plaintiff generally that any amended complaint needed to show how his constitutional rights had been violated and "allege in specific terms how each named defendant is involved." *Id.*

Plaintiff filed his amended complaint on April 17, 2015. ECF No. 22. The amended complaint consists of this court's three page form complaint, a handwritten sixteen page narrative setting forth specific allegations, and several exhibits. Plaintiff lists eleven defendants in section III of the form complaint, and includes charging allegations against nine of these individuals and a few others in the handwritten sixteen page narrative. He asserts that defendants violated his First Amendment rights by retaliating against him, his Eighth Amendment rights through deliberate indifference to his medical needs, "unsafe conditions" and "cruel and unusual punishment," and his rights under the Fifth and Fourteenth Amendments.

The magistrate judge screened the amended complaint and found that plaintiff had stated "viable" Eighth Amendment claims against two defendants for failure to protect plaintiff from violence and against one of those defendants for failure to provide adequate medical care, and she ordered service of process on those two defendants.[1] ECF No. 24. With respect to the remaining claims against the remaining defendants, the magistrate judge found that the claims are "vague and fail to state a claim upon which relief may be granted" and on the basis of that finding recommends dismissal of all other claims and defendants. *Id.*

/////

---

[1] The order section of ECF No. 24 refers to the operative complaint as the second amended complaint filed April 17, 2015. *See* ECF No. 24 at 2. In fact, it is the first amended complaint that was filed April 17, 2015 and on which this action is proceeding at this time.

The court has reviewed the amended complaint. It contains specific allegations against nine of the defendants identified in Section III of the form complaint and against other individuals in the body of the narrative attachment. The allegations are not vague. *See*, *e.g.,* ECF No. 22 at 9-17 (Statement of Facts). The court makes no finding at this time whether the allegations are sufficient to state one or more cognizable claims for relief. The findings and recommendations contain no analysis to support the finding that none of these allegations state a cognizable claim for relief, nor do they address the question of whether leave to amend might be proper if in fact none of the allegations against the remaining defendants support a cognizable claim for relief as pleaded in the amended complaint. For these reasons, this matter is referred back to the assigned magistrate judge for further screening consistent with this order.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 31, 2015, are not adopted; and

2. This matter is referred back to the assigned magistrate judge for further proceedings in accordance with this order.

DATED: September 8, 2016.

_____
UNITED STATES DISTRICT JUDGE