UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH B. GIBBS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MACCOMBER, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-0061 KJM CKD P<br><br><br>ORDER |

Pursuant to the district court's September 9, 2016 order, the court rescreens plaintiff's April 17, 2015 amended complaint (ECF No. 22) under 28 U.S.C. § 1915A as follows.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim

1  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
2  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
3  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.
4  at 678.  When considering whether a complaint states a claim upon which relief can be granted,
5  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
6  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
7  U.S. 232, 236 (1974).

8  　　　　As indicated in the court's August 31, 2015 order and findings and recommendations,
9  plaintiff has alleged sufficient facts in his amended complaint to proceed on claims arising under
10  the Eighth Amendment against defendants Johnson and Prasinos for failure to protect plaintiff
11  from violence and against defendant Prasinos for failure to provide plaintiff with adequate
12  medical care.

13  　　　　As to the other defendants and claims identified in plaintiff's amended complaint, plaintiff
14  fails to state a claim upon which relief can be granted.  First, plaintiff asserts all defendants
15  retaliated against plaintiff for plaintiff's use of the inmate grievance process in violation of the
16  First Amendment.  However, plaintiff fails to allege facts adequately linking any injury suffered
17  by plaintiff to any grievance filed by him.  While plaintiff alleges suffered negative events after
18  he filed grievances, he fails to point to facts suggesting the filing of the grievance(s) caused a
19  defendant to injure plaintiff.

20  　　　Plaintiff also alleges that all defendants violated his Eighth Amendment rights by either
21  being deliberately indifferent to his medical needs or by subjecting plaintiff to dangerous
22  conditions of confinement.  Plaintiff fails to point to any facts indicating that any defendant, other
23  than defendant Prasinos, denied plaintiff medical treatment, caused plaintiff injury by not treating
24  plaintiff, or caused plaintiff injury by providing him with the wrong treatment.  As for subjecting
25  plaintiff to dangerous conditions, or failing to protect plaintiff from such conditions, plaintiff does
26  not allege sufficient specific facts indicating any defendant other than defendant Johnson and
27  Prasinos took any action, or knowingly failed to act, resulting in injury to plaintiff.
28  /////

1    Finally, plaintiff alleges defendants violated his rights arising under the Fifth and
2 Fourteenth Amendments.  The court assumes plaintiff is referencing the "due process" clauses in
3 each of those amendments.  In any case, plaintiff fails to elaborate how he was denied any process
4 due (e.g. a hearing) under the Constitution.

5    At this point, plaintiff has two options:  1) he may either proceed on the claims against
6 defendants Johnson and Prasinos described above; or 2) he may attempt to cure the deficiencies
7 with respect to other claims in an amended complaint.  The court will grant plaintiff 30 days
8 within which to file a second amended complaint.  If plaintiff does not file a second amended
9 complaint within 30 days, the court will direct defendant Johnson to file his response to plaintiff's
10 amended complaint (Prasinos has already responded) and will recommend that all other
11 defendants be dismissed.

12    Plaintiff is reminded that if he elects to file a second amended complaint, the court cannot
13 refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local
14 Rule 220 requires that an amended complaint be complete in itself without reference to any prior
15 pleading.  This is because, as a general rule, an amended complaint supersedes the original
16 complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended
17 complaint, the original pleading no longer serves any function in the case.  Therefore, in an
18 amended complaint, as in an original complaint, each claim and the involvement of each
19 defendant must be sufficiently alleged.

20    Accordingly, IT IS HEREBY ORDERED that plaintiff is granted 30 days within which to
21 file a second amended complaint.  If plaintiff elects not to file a second amended complaint
22 within 30 days, the court will direct defendant Johnson to file a response to plaintiff's amended
23 complaint and recommend that all other defendants be dismissed.

24 Dated:  January 17, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
gibb0061.rs

3