UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH B. GIBBS,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN MACCOMBER, et al.,<br><br>    Defendants. | No. 2:15-cv-0061 KJM CKD P<br><br>ORDER |

Plaintiff, a state prisoner, proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. The first amended complaint proceeds on a claim against defendants Johnson and Prasinos for failing to protect plaintiff from violence and an Eighth Amendment claim of inadequate medical care by defendant Prasinos after plaintiff was attacked by two other inmates on September 4, 2014. Pending before the court are two filings by plaintiff styled as "motions to compel" (ECF Nos. 63, 66) as well as a separate motion to compel filed by defendants (ECF No. 65). The court will address each motion in turn. By separate order, the court will grant defendants' motion to modify the discovery and scheduling order governing this case.

**I.      Plaintiff's First Motion to Compel**

On July 10, 2017 plaintiff filed a motion styled as a "motion to compel" requesting a court order requiring defendants to desist from addressing his legal mail to the attention of the prison litigation coordinator at the institution where he is currently confined. ECF No. 63 at 4.

1

1 | Defendants filed an opposition indicating that defendants' discovery responses were sent via
2 | overnight delivery addressed to the attention of the prison litigation coordinator to ensure quicker
3 | delivery and not for any improper purpose. <u>See</u> ECF No. 67 at 5 (Declaration of Martha
4 | Ehlenbach). Defendants further submit that plaintiff's motion is properly construed as a motion
5 | for injunctive relief and should be denied because plaintiff has suffered no injury or prejudice.
6 | ECF No. 67.

At the outset, the court agrees that plaintiff's motion is not a proper motion to compel. <u>See</u> Fed. R. Civ. P. 37(a) (stating that a motion to compel seeks "an order compelling disclosure or discovery"). Accordingly, the court will construe the motion as a request for injunctive relief. So construed, the motion will be denied.

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. <u>See</u> <u>Coalition for Economic Equity v. Wilson</u>, 122 F.3d 692, 700 (9th Cir. 1997) (internal quotations and citations omitted); <u>Oakland Tribune, Inc. v. Chronicle Publ'g Co.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. <u>Oakland Tribune</u>, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." <u>Id.</u> In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. <u>Id.</u>

With these legal principles in mind, the court denies plaintiff's motion for injunctive relief because he has failed to demonstrate any irreparable injury. For this reason, the court finds it unnecessary to reach the issue of the likelihood of success on the merits of plaintiff's claims. <u>See</u> <u>Oakland Tribune</u>, 762 F.2d at 1376.

/////

/////

2

## II. Plaintiff's Second Motion to Compel[1]

Plaintiff's second motion to compel contends that defendants' responses to his April 28, 2017 interrogatories and requests for production of documents are deficient. ECF No. 66 at 2. By way of relief, plaintiff asks the court to conduct an in camera review of the documents identified by defendants as privileged and a separate court order requiring defendant Prasinos to fully respond to Interrogatory No. 20 and both defendants to produce the requested documents and videotapes for inspection. Additionally, plaintiff seeks $2,800 in pro se fees as a monetary sanction for having to file the motion to compel. ECF No. 66 at 10.

In support of defendants' assertion of privilege, C. Kearns, a Correctional Case Records Supervisor for the CDCR, submitted a declaration indicating that the disclosure of the RVR's issued to inmates Guinn and Moore would "endanger the safety of persons within the prison and jeopardize the security of the institution…." ECF No. 68 at 18. The declaration further asserts that the RVRs often contain confidential information provided by inmate witnesses who may fear repercussions or reprisals if the information was disclosed. Id. at 19. Defendants assert that even if the RVRs were disclosed subject to a protective order, the safety and security of CDCR institutions could still be jeopardized because plaintiff's personal property could still be accessed by a cellmate. Id. at 20.

The disputed interrogatories and requests for production of documents are as follows:

<u>Plaintiff's Request for Production No. 3</u>

Facility "B" main exercise yard and small yard video surveillance footage of September 4, 2014.

<u>Defendants' Response to Request for Production No. 3</u>

Defendants object to this request on the ground that it is vague with regard to the request for "main exercise yard" and "small yard" surveillance footage. Without waiving any objection and after a reasonable search and inquiry, no such videotape footage exists.

---

[1] Using the prison mailbox rule, plaintiff's motion was timely filed on July 18, 2017. See ECF No. 53 (Discovery and Scheduling Order setting July 21, 2017 as the deadline for any motions necessary to compel discovery); ECF No. 66-1 at 6 (Proof of Service by Mail by Person in State Custody); see also Houston v. Lack, 487 U.S. 266, 276 (1988).

<u>Plaintiff's Request for Production No. 4</u>

Facility "B" main exercise yard and small yard video surveillance footage of July 4, 2014.

<u>Defendants' Response to Request for Production No. 4</u>

Defendants object to this request on the ground that footage from July 4, 2014, is not relevant to any claim or defense in this action, because the case concerns events occurring on September 4, 2014. And the request is vague in its references to the "main exercise yard" and "small yard" surveillance footage. Without waiving any objection and after a reasonable search and inquiry, no videotape footage exists.

<u>Plaintiff's Request for Production No. 7</u>

Any and all statements made by any inmates regarding the September 4, 2014 incident.

<u>Defendants' Response to Request for Production No. 7</u>

Defendants object to this request on the ground that it is overbroad with respect to time and to subject matter. "All" statements made by inmates are not relevant to any claim or defense in this action, and the request is not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Without waiving objection, and after reasonable search and inquiry, Defendants identify the following as responsive to this request: a redacted copy of Crime/Incident Report (CDCR 837) No. SAC-FAB-14-09-0901, produced as DEF 003 to DEF 024. Defendants also identify confidential documents as listed in the privilege log which are not produced.

<u>Plaintiff's Interrogatory No. 20</u>

Are you willing to take a polygraph examinations [sic] regarding these questions?

<u>Defendants' Response to Interrogatory No. 20</u>

Objection. This request is not relevant to any claim or defense in this matter.

**III.     Defendants' Motion to Compel**

On April 21, 2017 defendants propounded discovery on plaintiff consisting of the first set of interrogatories. ECF No. 65 at 2. Plaintiff served his responses which were not verified and which defendants contend are inadequate as to four interrogatory responses. <u>Id.</u> Defendants move to compel plaintiff to respond further to these interrogatories and to verify his original and supplemental interrogatory responses. ECF No. 65 at 2. The disputed interrogatories and

responses are reproduced below.

<u>Defendant Prasinos's Interrogatory No. 12</u>

Please state each and every fact supporting your claim for compensatory damages against Defendant Prasinos in this lawsuit, including the amount you seek to recover, how any monetary calculations were made, and the basis of the damages claim.

<u>Plaintiff's Response to Interrogatory No. 12</u>

Plaintiff objects to Interrogatory No. 12 because Interrogatory No. 12 is irrelevant at this present time.

<u>Defendant Prasinos's Interrogatory No. 14/Defendant Johnson's Interrogatory No. 8</u>

Please state each and every fact supporting your claim for punitive damages against Defendants Prasinos and Johnson in this lawsuit.

<u>Plaintiff's Responses to Interrogatories No. 14/8</u>

Plaintiff objects to Interrogatory Nos. 14/8 because Interrogatory Nos. 14/8 are irrelevant at this present time.

<u>Defendant Johnson's Interrogatory No. 7</u>

Please identify each and every individual who you contend witnessed events relevant to your claims against Defendant Johnson, as alleged in your amended complaint.

<u>Plaintiff's Response to Defendant Johnson's Interrogatory No. 7</u>

At this present time, plaintiff cannot provide defendant Johnson with this information because plaintiff has not yet to received [sic] the videotaping sur[v]eillance footage of September 4, 2014 to identify each and every potential witness.

**IV.     Legal Standard**

Under the Federal Rules of Civil Procedure, interrogatories must be "answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). A party is obligated to respond to the fullest extent possible and state any objections with specificity. Fed. R. Civ. P. 33(b)(3), (b)(4). While extensive research is not required, a reasonable effort to respond must be made. <u>L.H. v. Schwarzenegger</u>, No. S–06–2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep.21, 2007). In a motion to compel, the moving party bears the burden of showing why the other party's

responses are inadequate or their objections unjustified. See Williams v. Cate, No. 1:09-cv-00468 LJO JLT PC, 2011 WL 6217378 at *1 (E.D. Cal. Dec.14, 2011), citing Ellis v. Cambra, No. CIV 02-05646 AWI SMS PC, 2008 WL 860523 at *4 (E.D. Cal. Mar.27, 2008). A district court has broad discretion in deciding whether to require answers to interrogatories. See 8B Wright, Miller, Kane, Marcus, Spencer & Steinman, Federal Practice and Procedure § 2176 (Civil 3d ed. 2017).

With respect to defendants' assertion that certain requested documents are privileged, the Supreme Court has long noted that privileges are disfavored. Jaffee v. Redmond, 518 U.S. 1, 9 (1996). "The party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question." Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir. 1988). Privileges are to be "strictly construed" because they "impede full and free discovery of the truth." Eureka Fin. Corp. v. Hartford Accident & Indem. Co., 136 F.R.D. 179, 183 (E.D. Cal. 1991). "If the privilege is worth protecting, a litigant must be prepared to expend some time to justify the assertion of the privilege." Id.

In civil rights cases brought under section 1983, questions of privilege are resolved by federal law. Kerr v. United States Dist. Court for the N. Dist. of Cal., 511 F.2d 192, 197 (9th Cir. 1975), aff'd 426 U.S. 394 (1976). "State privilege doctrine, whether derived from statutes or court decisions, is not binding on federal courts in these kinds of cases." Kelly v. City of San Jose, 114 F.R.D. 653, 655-56 (N.D. Cal. 1987).

In Kerr, the Ninth Circuit Court of Appeals examined the government's claim of the official information privilege as a basis to withhold documents sought under the Freedom of Information Act. It explained that the "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) ... is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure." Kerr, 511 F.2d at 198 (internal citations and quotations omitted).

The Ninth Circuit has since followed Kerr in requiring a balancing of interests and in camera review in ruling on the government's claim of the official information privilege. See, e.g., Seminara v. City of Long Beach, 68 F.3d 481 (9th Cir. 1995) (affirming Magistrate Judge order compelling disclosure and stating "[f]ederal common law recognizes a qualified privilege for

official information"); <u>Breed v. United States Dist. Court for N. Dist. of Cal.</u>, 542 F.2d 1114, 1116 (9th Cir. 1976) ("Also, as required by <u>Kerr</u>, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'"). To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1033-34 (9th Cir. 1990), <u>as amended on denial of reh'g</u> (Feb. 27, 1991), <u>as amended on denial of reh'g</u> (May 24, 1991) (internal citations and quotations omitted). "In the context of civil rights suits against [corrections officials], this balancing approach should be 'moderately pre-weighted in favor of disclosure.'" <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (quoting Kelly, 114 F.R.D. at 661, 662).

The party invoking the privilege must at the outset make a "substantial threshold showing" by way of a declaration or affidavit from a responsible official with personal knowledge of the matters attested. <u>Soto</u>, 162 F.R.D. at 613. "The claiming official must 'have seen and considered the contents of the documents and himself have formed the view that on grounds of public interest they ought not to be produced' and state with specificity the rationale of the claimed privilege." <u>Kerr</u>, 511 F.2d at 198 (citation omitted). The affidavit must include: (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made. <u>Soto</u>, 162 F.R.D. at 613. In addition, "[t]he asserting party, as in any case where a privilege is claimed, must sufficiently identify the documents so as to afford the requesting party an opportunity to challenge the assertion of privilege." <u>Miller v. Panucci</u>, 141 F.R.D. 292, 300 (C.D. Cal. 1992).

////

V.      **Analysis**

A.      **Plaintiff's Motion to Compel**

Plaintiff has not demonstrated that defendants have custody or control over the September 4, 2014 surveillance footage that is the subject of plaintiff's Request for Production No. 3. See United States v. Int'l Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989) (emphasizing that "[t]he party seeking production of documents...bears the burden of proving that the opposing party has such control."). While plaintiff's assertion may be true that the videotape was turned over to the Sacramento County District Attorney's Office in order to prosecute the two inmates who attacked him, this does not demonstrate that a copy was retained by the defendants and is still within their possession, custody or control three years after the attack. See ECF No. 68 at 9-10 (Declaration of K. Steele); see also U.S. v. International Union of Petroleum & Industrial Workers, 870 F.2d 1450 (9th Cir. 1989) (stating that the party seeking production of a document bears the burden of proving that the opposing party has control over it such that it could be required to comply with a subpoena); Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984) (emphasizing that "control" is defined as the legal right to obtain documents upon demand). The court will deny plaintiff's motion to compel the production of the September 4, 2014 videotape without prejudice to plaintiff seeking the same information via a subpoena duces tecum directed to the Sacramento County District Attorney's Office pursuant to Rule 45 of the Federal Rules of Civil Procedure.

In his motion to compel, plaintiff vaguely asserts that the July 4, 2014 videotape will contradict defendant Prasinos's answer to the first amended complaint. Even assuming this is true, plaintiff has failed to demonstrate that defendants have any surveillance footage from this date especially since the attack did not take place on this date and CDCR only retains video footage for 7 days before it is over-written. See ECF No. 68 at 9-10 (Declaration of K. Steele). Under these circumstances, the court will not compel defendants to produce any video surveillance footage from July 4, 2014.

Plaintiff's request to compel defendant Prasinos to further respond to Interrogatory No. 20 will be denied because defendant's responses were signed under penalty of perjury as required by

Rule 33(b)(3) of the Federal Rules of Civil Procedure.  See ECF No. 66 at 46.  Defendant Prasinos's willingness to take a polygraph examination is not relevant to any claim or defense.  Fed. R. Civ. P. 26(b)(1).

In plaintiff's Request for Production No. 7 he seeks "any and all statements made by any inmates regarding the September 4, 2014 incident."  Defendants identify a Rule Violation Report ("RVR") and a Medical Report of Injury (CDCR Form 7219) issued to inmates Guinn and Moore as being responsive to plaintiff's request, but assert that these documents are privileged and confidential under California state law.  ECF No. 68 at 13-14 (privilege log).  Since defendants have met their initial threshold burden of demonstrating that a privilege applies to the documents, the court will weigh the potential benefits of disclosure against the potential disadvantages during an *in camera review* of the documents.  Accordingly, defendants are ordered to produce the RVRs and medical reports for *in camera* review by the court within 7 days from the date of this order.

Plaintiff requests $2,800 in pro se fees as a reasonable expense in filing the motion to compel.  Sanctions under Rule 37(a)(5) are generally awarded when a motion to compel is granted.  Here, however, plaintiff's motion is only granted to the extent that defendants are ordered to produce the assertedly privileged RVR's and medical reports for *in camera* review.  The defendants' assertion that these documents are privileged does not warrant the imposition of sanctions.  In addition, since plaintiff is a pro se litigant, he has not incurred attorney's fees in bringing his motion to compel.  For these reasons, plaintiff's request for sanctions is denied.

**B.     Defendants' Motion to Compel**

As defendants' interrogatories related to monetary damages and witnesses are relevant to a party's claim or defense, defendants' motion to compel will be granted.  See Fed. R. Civ. P. 26(b)(1).  Plaintiff is hereby ordered to fully respond to Interrogatory Numbers 12 and 14 of Defendant Prasinos's First Set of Interrogatories and Interrogatory Numbers 7 and 8 of Defendant Johnson's First Set of Interrogatories.  Since Rule 33(b)(3) of the Federal Rules of Civil Procedure requires interrogatories to be answered under oath, plaintiff is further ordered to serve a verified copy of his original and supplemental interrogatory responses on defendants.

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 63), construed as a request for injunctive relief, is denied;

2. Plaintiff's second motion to compel (ECF No. 66) is granted in part and denied in part. The motion is granted only to the extent that defendants are required to produce the assertedly privileged RVRs and medical reports for *in camera* review within 7 days of this order by sending them to ckdorders@caed.uscourts.gov;

3. Defendants' motion to compel (ECF No. 65) is granted;

4. Plaintiff is required to fully respond to Interrogatory Numbers 12 and 14 of Defendant Prasinos's First Set of Interrogatories and Interrogatory Numbers 7 and 8 of Defendant Johnson's First Set of Interrogatories by November 1, 2017;

5. Plaintiff shall also serve a verified copy of his original and supplemental interrogatory responses on defendants by November 1, 2017;

6. The court sua sponte extends the deadline to file any additional motions to compel discovery to November 16, 2017.

Dated: October 10, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/gibb0061.m2compel.docx