UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH B. GIBBS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHNSON, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-0061 KJM CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds on the first amended complaint which was found to state a failure to protect claim against defendants Johnson and Prasinos as well as a deliberate indifference claim against defendant Prasinos, all in violation of the Eighth Amendment. See ECF No. 46. Currently pending before the court is defendants' motion for summary judgment or, in the alternative, a motion to require plaintiff to post security in order to proceed with this action.[1] Plaintiff has filed an opposition, and defendant has replied. ECF Nos. 87, 88. For the reasons discussed below, the undersigned recommends granting the motion based on plaintiff's

---

[1] Also pending before the court is defendants' 38 page amended motion for sanctions based on plaintiff's 8 day delay in complying with this court's November 5, 2017 order to supplement his discovery responses. ECF No. 79. The court will summarily deny the motion as moot in light of its recommendation to grant defendants' summary judgment motion.

1

failure to exhaust his administrative remedies prior to filing suit.

I.   **Plaintiff's Allegations**

On September 4, 2014, plaintiff was attacked from behind by two inmates while on the exercise yard at Facility B at California State Prison-Sacramento ("CSP-Sac"). Plaintiff alleges in his first amended complaint that defendant Johnson[2] stood in the yard and watched as two inmates attacked him and knocked him unconscious. ECF No. 22 at 16. According to plaintiff, defendant Johnson knew in advance that plaintiff was going to be attacked, but failed to do anything to protect him. Id. at 17. After receiving medical treatment at CSP-Sac, plaintiff was transported to a local hospital in a CDCR van by defendant Prasinos. ECF No. 22 at 16-17. When plaintiff was approximately ten miles away from the hospital, the van broke down on the side of the freeway. Id. at 17. Plaintiff informed defendant Prasinos that he was in pain and asked him to call an ambulance to take him to the hospital. Id. Defendant Prasinos refused in alleged deliberate indifference to plaintiff's pain. Id. Plaintiff waited inside the van in pain for three hours before another van from the prison arrived to take him to the hospital. Id. Plaintiff requested compensatory and punitive damages for the alleged violation of his Eighth Amendment rights. Id. at 19.

////

---

[2] Defendant Johnson is identified in the First Amended Complaint as the "Officer-in-Charge of the 6 a.m. to 2 p.m. shift in building 2" at CSP-Sac on September 4, 2014. See ECF No. 22 at 8. This defendant was ordered served on August 31, 2015, but the summons was returned unexecuted on January 25, 2016 because a CDCR Special Investigator was unable to locate or identify him. See ECF Nos. 24, 33. When plaintiff was ordered to provide additional information concerning this defendant to effect service of process, he indicated that "J. Johnson works on B Yard in Building 2. He is there because Third Level of Appeals interviewed him three months ago regarding my 602 appeal." See ECF No. 40. While J. Johnson eventually waived service of process of the summons, he "was not working on Facility B at CSP-Sac on September 4, 2014." ECF No. 82-8 at 1. He was working on Facility A during plaintiff's attack. Id. A retired correctional officer by the name of J. Johnston was the individual who was working on Facility B at CSP-Sac on the date plaintiff was attacked. See ECF No. 82-9 at 1. It appears clear to the court that the wrong defendant was served with process in this case and that no effort was made to notify the court of this issue prior to filing the instant summary judgment motion. On the last page of his opposition to summary judgment, plaintiff requests leave to file an amended complaint naming J. Johnston because the wrong defendant was served. ECF No. 87 at 52. In light of the court's recommended disposition of defendants' summary judgment motion, the undersigned recommends denying plaintiff's request to amend the complaint as moot.

2

## II. Motion for Summary Judgment

In their motion for summary judgment, defendants first contend that plaintiff failed to exhaust his administrative remedies prior to filing suit. ECF No. 82-2 at 14-16. Defendants also move for summary judgment on the Eighth Amendment failure to protect claim because neither defendant was present on the exercise yard at the time of the attack and because they were not aware of any pre-existing threat to plaintiff's safety. Id. at 16-18. Defendant Prasinos asserts that he was not deliberately indifferent to plaintiff's medical needs during his transport to the hospital and that he is also entitled to qualified immunity on this claim. Id. at 18-22. In the event that the court denies defendants' motion for summary judgment on these grounds, defendants alternatively request that plaintiff be required to post security of no less than $8,670 in order for this case to proceed.[3] Id. at 22-27.

Plaintiff filed a voluminous 435 page opposition to defendants' summary judgment motion that contained numerous exhibits. ECF No. 87. In reference to his failure to exhaust administrative remedies prior to filing suit, plaintiff raises two general arguments. He first contends that he was prevented from utilizing the grievance system based on the repeated improper screening of his grievances. ECF No. 87 at 1-2. Secondly, plaintiff argues that the grievance system was effectively unavailable to him because he was falsely labeled as a snitch and a child molester for filing prior grievances and suffered from reprisals and threats to his personal safety as a result. ECF No. 87 at 2. An inordinate number of the examples and exhibits that plaintiff attaches in support of this argument concern events that occurred at Pelican Bay State Prison dating back to 2012, two years before the events at issue in the present case. The undersigned finds that the grievance procedure at Pelican Bay State Prison is not relevant in determining whether plaintiff exhausted his administrative remedies at CSP-Sac prior to filing the instant suit.

////

---

[3] Defendants also filed a separate request for judicial notice of court records, ECF No. 82-13, in support of their assertion that plaintiff is a vexatious litigant who should be ordered to post security to proceed. The court does not reach this issue and therefore recommends denying the request for judicial notice as unnecessary.

3

By way of reply, defendants point out that plaintiff concedes that he utilized all three levels of administrative grievances and that the third grievance level was not completed until after he filed the instant lawsuit. ECF No. 88 at 1-2. Therefore, all of his arguments that such administrative remedies were unavailable have no merit. Id.

### III. Legal Standards

#### A. Summary Judgment

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials...." Fed. R. Civ. P. 56(c)(1)(A).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587.

In a summary judgment motion for failure to exhaust administrative remedies, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The ultimate burden of proof remains with defendants, however. Id. "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id. at 1166.

////

**B. Exhaustion Requirement**

The Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner must exhaust his administrative remedies before he commences suit. McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Compliance with this requirement is not achieved by satisfying the exhaustion requirement during the course of a civil action. See McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002). Failure to comply with the PLRA's exhaustion requirement is an affirmative defense that must be raised and proved by the defendant. Jones v. Bock, 549 U.S. 199, 216 (2007). In the Ninth Circuit, a defendant may raise the issue of administrative exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc). An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 84 (2006).

In order to defeat a properly supported motion for summary judgment based on a prisoner's failure to exhaust pursuant to 42 U.S.C. § 1997e(a), plaintiff must "come forward with some evidence showing" that he has either (1) properly exhausted his administrative remedies before filing suit or (2) "there is something in his particular case that made the existing and generally available remedies unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5) (9th Cir. 1996)); Jones, 549 U.S. at 218. "Accordingly, an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" Ross v. Blake, 136 S. Ct. 1850, 1859 (2016) (quoting Booth v. Churner, 532 U.S. 731, 738 (2001)). If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). If there

is at least a genuine issue of material fact as to whether the administrative remedies were properly exhausted, the motion for summary judgment must be denied. See Fed. R. Civ P. 56(a).

### C. CDCR Administrative Grievance Process

At all times relevant to the instant action, the California Department of Corrections and Rehabilitation (CDCR) had an administrative grievance system for prisoners to appeal any "policy, decision, action, condition, or omission by the department or its staff" that had "a material adverse effect upon" an inmate's "health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (Jan. 2014 rev.); ECF No. 82-12 at 1 (Declaration of Office of Appeals Chief M. Voong). This grievance process consisted of three separate levels of administrative review which were all required to be utilized, absent certain exceptions, in order to fully exhaust the CDCR's administrative process. See Cal. Code Regs. tit. 15, § 3084.1(b); 3084.7(a)-(c); ECF No. 82-12 at 1-2. "If an inmate submits an appeal that is untimely, lacks critical information, or otherwise does not comply with regulations governing the appeal process, the appeal may be screened out, meaning it is not accepted for review." ECF No. 82-12 at 2 (Declaration of M. Voong); see also Cal. Code Regs. tit. 15, § 3084.6 ("Rejection, Cancellation, and Withdrawal Criteria"). All lower level administrative decisions can be modified by the third level of review. Cal. Code Regs. tit. 15 § 3084.1(b). California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

### IV. Undisputed Facts and Evidence

The events giving rise to the allegations in plaintiff's first amended complaint occurred when plaintiff was attacked by Inmates Guinn and Moore on the exercise yard at Facility B at CSP-Sac on September 4, 2014. See ECF No. 22 at 14-16, 31. Plaintiff submitted his first grievance to prison officials on October 1, 2014 by completing a CDCR 602 appeal form. ECF No. 87 at 57 (Plaintiff's Declaration), 333 (CDCR 602 form dated 10-1-14). In this grievance, plaintiff complained that Officer Johnson and three unidentified officers waited for two inmates to attack him on the yard. ECF No. 87 at 334. He also asserted that prior to transporting him to the hospital for medical treatment, Officer Prasinos told plaintiff that the officers knew he was going

to be attacked on the yard. Id. Plaintiff also complained that Officer Prasinos failed to call an ambulance once the transport van broke down on the freeway en route to the hospital. Id. This appeal was assigned Log Number: SAC-B-14-02817 and was rejected by the Appeals Coordinator at CSP-Sac on October 9, 2014 because it made "a general allegation" and because it was "missing necessary documents." ECF No. 87 at 331; ECF No. 82-5 at 2, 9 (Declaration of Appeals Coordinator C. Burnett); ECF No. 82-12 at 25. However, building officers at CSP-Sac did not provide plaintiff with a copy of this screen out until December 26, 2014. See ECF No. 87 at 57 (Plaintiff's Declaration); ECF No. 87 at 327 (CDCR 22 dated 12/26/14). Plaintiff submitted his original complaint to the court for filing on November 25, 2014 before receiving notice of the rejection of his administrative appeal. See ECF No. 8.

Plaintiff re-submitted his grievance in SAC-B-14-02817 to prison officials after receiving notice of the initial screen out on December 26, 2014. See ECF No. 82-5 at 2 (Declaration of C. Burnett). It was received by the Appeals Coordinator's Office on January 5, 2015. Id. The first level of administrative review of plaintiff's grievance was bypassed, but it was accepted for review at the second administrative grievance level. See ECF No. 82-5 at 2, 5, 21, 30; 87 at 333. Before receiving a decision at the second level of review, plaintiff was transferred from CSP-Sac to California State Prison in Lancaster on February 5, 2015. See ECF No. 87 at 58, 336-337. Plaintiff was subsequently interviewed by phone as part of the second level of administrative review of his 602 appeal. See ECF No. 87 at 58; ECF No. 87 at 336-337 (Second Level Response). On March 5, 2015, his grievance in Appeal No. SAC-B-14-02817 was partially granted at the Second Level of Review in that the "appeal inquiry is complete and all issues were adequately addressed." ECF No. 87 at 336-337; 82-5 at 2, 27.

Plaintiff requested that his grievance be reviewed by the third level of administrative review on March 22, 2015. ECF No. 82-12 at 12. It was accepted on March 27, 2015. ECF No. 82-12 at 6 (Inmate/Parolee Appeals Tracking System Level III Form). The third level appeal decision concerning plaintiff's grievance was issued on June 15, 2015 by the Office of Appeals. See ECF No. 87 at 328-329; ECF No. 82-12 at 6, 9-10. This appeal was denied. Id. The first amended complaint was submitted on April 9, 2015 before the third level of review was completed. See

ECF No. 22.

**V.     Analysis**

The court will address the exhaustion issue first as exhaustion is a prerequisite to filing suit. See 42 U.S.C. § 1997e(a); see also McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (requiring dismissal where prisoner fails to exhaust administrative remedies before filing suit and tries to do so while the case is pending). Plaintiff commenced this lawsuit on November 25, 2014. ECF No. 1. Therefore, the court must determine whether plaintiff exhausted his administrative remedies regarding his claims prior to that date, and if not, whether plaintiff may be excused from the pre-filing exhaustion requirement. See Sapp v. Kimbrell, 623 F.3d 813, 823–24 (9th Cir. 2010).

In order to meet their initial burden as the moving party, defendants need only show "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172. Defendant's undisputed evidence establishes that plaintiff filed an appeal at the first level of administrative review on October 1, 2014 and that the third level of review was not completed until June 15, 2015. Therefore, defendants have met their initial burden of demonstrating plaintiff's non-exhaustion.

In the present case, the undisputed evidence demonstrates not only that administrative remedies were available to plaintiff at CSP-Sac, but that he utilized all three levels of the grievance system with respect to the allegations in the first amended complaint.[4] However, plaintiff did not exhaust these available remedies prior to filing suit as required by the PLRA.

Consequently, the burden shifts to plaintiff to come forward with evidence "showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. Here, liberally construed, plaintiff asserts that his administrative remedies were unavailable due to acts of intimidation or perceived

---

[4] Plaintiff misconstrues defendants' argument concerning a separate health care grievance submitted approximately one month before his September 4, 2014 attack. See ECF No. 82-2 at 16. Defendants simply assert that this health care grievance did not relate to the conduct of either defendant Johnson or Prasinos. Id. The court agrees and finds plaintiff's health care grievance in SAC HC-14029781 irrelevant to the exhaustion issue before the court.

8

threats to his safety by being labeled as a "snitch" by prison officials. See McBride v. Lopez, 807 F.3d 982 (9th Cir. 2015) (holding that a fear of retaliation may be sufficient to excuse the exhaustion of administrative remedies where the prisoner demonstrates both a subjective and an objective basis for such fear). Like the Seventh Circuit Court of Appeal in Schultz v. Pugh, 728 F.3d 619 (7th Cir. 2013), this court finds that while it is hypothetically possible that "prison personnel, sensing atypical cognitive or psychological infirmities of the prisoner plaintiff, [may] deliberately exploit these infirmities to deter him from filing a grievance…" such is not the situation in the instant case. Compare Tuckel v. Grover, 660 F.3d 1249, 1251 (10th Cir. 2011) (holding that "a plaintiff with an objectively reasonable fear of retaliation from prison officials may show that administrative remedies were unavailable to him and thereby be excused from exhausting such remedies" and reversing the grant of summary judgment for defendants); Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008) (recognizing that retaliation or threats of retaliation by prison officials may make administrative remedies effectively unavailable); see also Porter v. Nussle, 534 U.S. 516 (2002) (rejecting a categorical exception to the exhaustion requirement for excessive force complaints where the inmate alleged that prison officials subjected him to "a prolonged and sustained pattern of harassment and intimidation"). Plaintiff's argument is belied by the record in this case. Far from being deterred by being labeled a "snitch" or his physical assault by other inmates purportedly therefrom, in this case, plaintiff filed grievances at all three levels of administrative review.

Additionally, plaintiff fails to point to any evidence demonstrating an objective basis for his fear of retaliation from filing administrative grievances. See McBride, 807 F.3d at 988 (recognizing that "[t]here is no reason to allow inmates to avoid filing requirements on the basis of hostile interactions with guards when the interaction has no apparent relation to the use of the grievance system. Hostile interaction, even when it includes a threat of violence, does not necessarily render the grievance system 'unavailable.'"). Plaintiff simply filed the instant civil action after his administrative appeal had been rejected initially and long before all three levels of administrative remedies had been exhausted. The third level of administrative review of plaintiff's grievance was not completed until June 15, 2015, approximately two months after

plaintiff filed his first amended complaint in this case. Accordingly, the court finds plaintiff's argument unpersuasive in light of the facts of this case.

The Ninth Circuit has also recognized that administrative remedies may be rendered effectively unavailable if prison officials improperly screen out an inmate appeal. Sapp, 623 F.3d at 822–23. To satisfy this exception to the exhaustion requirement, a plaintiff must show "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." Id. at 823–24.

Construing the evidence presented on summary judgment in the light most favorable to plaintiff, there is no genuine dispute as to any material fact with respect to his pre-suit exhaustion. At most, plaintiff's evidence demonstrates a delay in receiving notice of the initial screen out of his grievance when building officers withheld the rejection form from October 9, 2014 until December 26, 2014. However, plaintiff re-submitted his grievance and this delay did not result in a subsequent screen out of plaintiff's second or third levels of review. It is important to note that plaintiff does not argue that the rejection of his initial 602 appeal was improper or failed to follow established CDCR regulations. See Sapp, 623 F.3d at 822-23. Accordingly, the court finds this argument unpersuasive. The record plainly shows that administrative remedies were available to plaintiff and that he used them. Plaintiff simply filed this action prematurely, before his appeal addressing the issues giving rise to this lawsuit was resolved at the third level of administrative review. Thus, it remains undisputed that administrative remedies remained available to plaintiff and were unexhausted prior to his filing of this lawsuit. Accordingly, the undersigned recommends granting defendants' motion for summary judgment on this basis.[5] See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit."); Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (dismissal is

---

[5] The court finds it unnecessary to reach the remaining grounds presented in defendants' motion for summary judgment.

appropriate for a suit that begins too soon, even when administrative remedies are exhausted during the course of the litigation).

## VI. Plain Language Summary for Pro Se Party

Since plaintiff is acting as his own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing all of the arguments and exhibits filed in connection with defendants' motion for summary judgment, the magistrate judge has concluded that at the time you filed this lawsuit you were still exhausting your administrative remedies at the prison. The federal statute called the Prison Litigation Reform Act requires that all administrative remedies be exhausted prior to filing a civil rights lawsuit in federal court. As a result, the magistrate judge is recommending that defendants' motion for summary judgment be granted and that your case be dismissed without prejudice. If adopted by the district court judge assigned to your case, this means that your case will be closed and there will be no trial.

You have fourteen days to explain to the court why this is not the correct outcome in your case. If you choose to do this you should label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district court judge assigned to your case will review any objections that are filed and will make a final decision on the motion for summary judgment.

## VII. Conclusion

Because there is not a genuine issue of material fact as to whether plaintiff exhausted available administrative remedies prior to filing the instant suit, defendants' motion for summary judgment should be granted.

In accordance with the above, IT IS HEREBY RECOMMENDED that

1. Defendants' motion for summary judgment (ECF No. 82) be granted;
2. Defendants' amended motion for sanctions (ECF No. 79) be denied as moot;
3. Defendants' request for judicial notice (ECF No. 82-13) be denied as unnecessary;

////

4. Plaintiff's request for leave to amend the complaint to identify the proper defendant as J. Johnston (ECF No. 87 at 52) be denied as moot; and,

5. This case be closed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 28, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/gibb0061.msj.docx